# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY P. ORNDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-CV-0342-GKF-JFJ |
| | ) |
| THOMAS R. HOLLAND, | ) |
| DANIEL ELKINS, | ) |
| ETHAN LONG, and | ) |
| CORY BOYD, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's amended complaint, filed pursuant to 42 U.S.C. § 1983, under the screening provisions of 28 U.S.C. § 1915(e)(2)(B). Plaintiff Anthony Ornder, a state inmate appearing pro se and in forma pauperis, filed an amended complaint (Dkt. 44) on May 31, 2019. He alleges Defendants Daniel Elkins, Ethan Long and Cory Boyd, all of whom are police officers for the City of Bartlesville, used excessive force against him during an arrest on August 23, 2016, in violation of the Eighth and Fourteenth Amendments (Count I), denied or delayed his access to medical care for injuries he received from the alleged use of excessive force, in violation of the Eighth and Fourteenth Amendments (Count II), and stole from him $4,850 in cash and two casino vouchers, in violation of state law (Count III). Elkins, Long and Boyd filed answers (Dkts. 45, 46, 47) to the amended complaint on June 7, 2019.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and for the reasons that follow, the Court (1) dismisses Defendant Thomas Holland from this action, (2) dismisses the complaint, in

part, as to Count II, and (3) finds that Plaintiff should be allowed to proceed with the excessive-force claim and state-law claim alleged, respectively, in Counts I and III.

## I. Plaintiff's allegations and claims

Plaintiff brings this action under § 1983, for alleged constitutional violations, and invokes pendent jurisdiction for his state-law tort claim. Dkt. 44, at 1-4. In his amended complaint, Plaintiff identifies four defendants: (1) former Bartlesville Police Chief Thomas R. Holland, (2) Bartlesville Police Officer Daniel Elkins, (3) Bartlesville Police Officer Ethan Long, and (4) Bartlesville Police Officer Cory Boyd. *Id.* at 1-2. He sues each officer in his individual, or personal, capacity. *Id.* at 2.

In Count I, Plaintiff alleges that, on August 23, 2016, he was the passenger in a vehicle pulled over by Officer Elkins. Dkt. 44, at 3. According to Plaintiff, Officers Elkins, Long and Boyd used excessive force against him, in violation of his constitutional rights, when they "beat, hit, stomped and kicked" him "violently" and "inflict[ed] serious injury" that required medical treatment. *Id.*

In Count II, Plaintiff alleges all three officers "delayed or denied medical treatment with deliberate indifference to a serious medical need," in violation of the Eighth Amendment, for injuries resulting from the alleged use of excessive force. Dkt. 44, at 3. In support of this claim, Plaintiff attaches exhibits to his amended complaint reflecting (1) that he sustained injuries to his face and (2) that he received a bill from Bartlesville Ambulance for services provided on August 23, 2016. *Id.* at 7, 9-11.

In Count III, Plaintiff alleges that all three officers, in conjunction with the alleged use of excessive force, committed "theft" when they took from him $4,850 in cash and two casino vouchers that he had on his person on the date of his arrest. Dkt. 44, at 4.

Plaintiff seeks $1 million in compensatory damages, $1 million in nominal damages, and $1 million in punitive damages, plus the costs of this action, from Defendants Elkins, Long and Boyd. *Id.* at 4.

## II.  Screening and dismissal standards

When a district court permits a plaintiff to proceed in forma pauperis in a civil action, the court has a continuing obligation to dismiss the complaint, "at any time if the court determines that . . . the action . . . (1) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In determining whether dismissal is appropriate, a court must accept as true all the well-pleaded factual allegations of the complaint and determine whether those allegations are sufficient to state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007) (noting that courts apply same standard whether assessing sufficiency of the complaint under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B)(ii)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain "detailed factual allegations" but it must contain "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. And, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the complaint should be dismissed. *Twombly*, 550 U.S. at 558.

When a plaintiff appears pro se, the court must liberally construe the complaint. *Kay*, 500 F.3d at 1218; *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, a pro se plaintiff bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. And the rule of liberal construction neither requires nor permits a court to "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## III. Defendant Holland shall be dismissed from this action.

Plaintiff identifies Thomas Holland, the former Chief of Police for the Bartlesville Police Department, as a defendant in the caption of his amended complaint. Dkt. 44, at 1. But the amended complaint contains no factual allegations suggesting that Holland personally participated in the alleged use of excessive force, the alleged denial of medical care, or the alleged "theft." *Id.* at 1-5. Ordinarily, "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (quoting *Foote v. Spiegel*, 118 F.3d 1416,

4

1423 (10th Cir. 1997)). In addition, there are no allegations in the amended complaint suggesting that Holland could be held liable for the alleged violations in his role as a supervisor. Dkt. 44, at 1-4. "[A] plaintiff must satisfy 'three elements . . . to establish a successful § 1983 claim against a defendant based on his or her supervisory responsibilities: (1) personal involvement; (2) causation; and (3) state of mind.'" *Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014) (quoting *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013)). Plaintiff's amended complaint fails to include any facts regarding Holland's participation in the alleged acts, either as an individual or as a supervisor.

Because the amended complaint fails to state any plausible claims against Holland, the Court dismisses Defendant Holland, with prejudice, from this action.

**IV. Count II fails to state a claim upon which relief may be granted.**

In Count II of the amended complaint, Plaintiff alleges Defendants Elkins, Boyd and Long deprived him of his constitutional right to adequate medical care. Dkt. 44, at 3. More specifically, he alleges,

> On the 23rd of August, 2016 as a result of officers Elkins, Boyd, and Long using excessive force and to assault [Plaintiff], [Plaintiff] sustained injuries for which the officers delayed or denied medical treatment with deliberate indifference to a serious medical need proscribed by the 8th Amend. USC. USCA Amend. 8/14.

*Id.*

To state a plausible deliberate-indifference claim based on an alleged denial of medical care, a plaintiff must allege facts demonstrating (1) objectively, that the plaintiff had a serious medical need, and (2), subjectively, that the defendant had knowledge of, but

5

disregarded, the plaintiff's need for medical treatment and the "excessive risk" to plaintiff's health. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). "Moreover, a delay in medical care 'only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm.'" *Id.* (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001)). Plaintiff's allegations in Count II consist primarily of conclusory legal assertions which are insufficient to support his claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). In any event, the photographs Plaintiff attached as exhibits to his amended complaint show that Plaintiff sustained what appear to be minor cuts and abrasions to his face. Dkt. 44, at 9-11. And the ambulance bill Petitioner attached as an exhibit to his complaint shows that he received medical care on the same day he sustained those injuries. *Id.* at 7.

Based on the foregoing, the Court finds that the amended complaint fails to state a claim upon which relief may be granted as to Count II and thus dismisses the complaint, without prejudice, as to Count II.

V.     **Plaintiff may proceed on the claims against Elkins, Long and Boyd, as alleged in Counts I and III**.

Applying the rule of liberal construction, the Court finds that Count I of the amended complaint states a plausible excessive-force claim against Elkins, Long and Boyd in Count I. Dkt. 44, at 3. However, because the facts support that the alleged use of excessive force occurred in conjunction with an arrest, Plaintiff states a claim under the Fourth Amendment rather than the Eighth Amendment. *See Estate of Booker*, 745 F.3d at 418-19 ("Any force

6

used 'leading up to and including an arrest' may be actionable under the Fourth Amendment's prohibition against unreasonable seizures" whereas "claims of excessive force involving convicted prisoners arise under the Eighth Amendment" (quoting *Porro v. Barnes*, 624 F.3d 1322, 1325-26 (10th Cir. 2010))).

Accepting Plaintiff's factual allegations as true, the Court finds that Count III of the amended complaint states a plausible state-law claim against Elkins, Long and Boyd for conversion. Dkt. 44, at 4; *see Courtney v. Okla. ex rel., Dep't of Public Safety*, 722 F.3d 1216, 1228 (10th Cir. 2013) ("Under Oklahoma law, '[c]onversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein.'" (alteration in original) (quoting *Welty v. Martinaire of Okla., Inc.*, 867 P.2d 1273, 1275 (Okla. 1994))).

The Court thus finds that Plaintiff should be allowed to proceed against Defendants Elkins, Long and Boyd as to the Fourth Amendment excessive-force claim alleged in Count I and the conversion claim alleged in Count III. Because all three defendants have filed answers to the amended complaint (Dkt. 45, 46, 47), the Court shall issue a scheduling order forthwith.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant Thomas R. Holland is **dismissed with prejudice** from this action.
2. The amended complaint is **dismissed without prejudice**, in part, as to Count II.
3. Plaintiff may proceed on the claims alleged in Counts I and III of the amended complaint.
4. A scheduling order shall be issued forthwith.

7

**DATED** this 13th day of June 2019.

                                               GREGORY K. FRIZZELL
                                               UNITED STATES DISTRICT JUDGE