IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ANTHONY P. ORNDER,            )
                              )
        Plaintiff,            )
                              )
v.                            )   Case No. 18-CV-0342-GKF-JFJ
                              )
DANIEL ELKINS,                )
ETHAN LONG, and               )
CORY BOYD,                    )
                              )
        Defendants.           )

**OPINION AND ORDER**

This matter is before the Court on plaintiff Anthony Ornder's "motion for order for Plaintiff to be evaluated by outside mental health and medical providers" (Dkt. 64). For the reasons discussed below, the Court denies plaintiff's motion.

**I.      Procedural history**

Ornder, a state inmate appearing pro se and in forma pauperis, filed an amended civil rights complaint, pursuant to 42 U.S.C. § 1983, on May 31, 2019. He alleges Defendants Daniel Elkins, Ethan Long and Cory Boyd (collectively, "defendants"), all of whom are police officers for the City of Bartlesville, used excessive force against him during an arrest on August 23, 2016, in violation of the Eighth and Fourteenth Amendments (Count I), denied or delayed his access to medical care for injuries he received from the alleged use of excessive force, in violation of the Eighth and Fourteenth Amendments (Count II), and stole from him $4,850 in cash and two casino vouchers, in violation of state law (Count III). Elkins, Long and Boyd each filed an answer (Dkts. 45, 46, 47) to the amended complaint on June 7, 2019.

In an opinion and order (Dkt. 48) filed June 13, 2019, the Court screened the amended complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissed from this action a fourth defendant

named in the amended complaint, Thomas Holland, the former Chief of Police for the Bartlesville Police Department, and dismissed Count II of the amended complaint for failure to state a claim upon which relief could be granted. Dkt. 48, at 4-6. The Court determined that the allegations in the amended complaint, liberally construed,[1] were sufficient to state plausible claims against defendants as to the Fourth Amendment excessive-force claim asserted in Count I and the state-law conversion claim asserted in Count III. *Id.* at 6-7.

The Court issued a scheduling order (Dkt. 49) on June 13, 2019, establishing a deadline of September 16, 2019, for completing discovery and a deadline of October 15, 2019, for filing dispositive motions. The Court denied Ornder's subsequent requests for appointment of counsel. Dkts. 50, 58, 59. By order filed October 9, 2019, the Court granted defendants' request to extend the deadline for filing dispositive motions to November 4, 2019. Dkts. 61, 62.

Three days before the deadline for filing dispositive motions, Ornder filed the instant "motion for order for Plaintiff to be evaluated by outside mental health and medical providers" (Dkt. 64). Defendants did not file a response.

## II. Analysis

Citing Fed. R. Civ. P. 35, Ornder seeks an order for a mental and physical examination, to be performed "by outside mental health and medical providers," "to determine any residual permanent injury and any present injury" he may have as a result of defendants' alleged use of excessive force. Dkt. 64, at 1. Ornder contends the requested examinations "would be necessary

---

[1] Because Ornder appears in this matter without counsel, the Court must liberally construe his pleadings. *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). But it is not the Court's role to act as his advocate by creating legal arguments or supplying factual allegations that may support his claims. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, Ornder's status as a pro se litigant does not relieve him of the obligation to comply with the Federal Rules of Civil Procedure or this court's Local Civil Rules. *Hall*, 584 F.3d at 864; *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

before any discovery could be done as it would require new admissions to the discovery/disclosure process." *Id.* at 2.

For two reasons, the Court denies Ornder's motion. First, the request for additional discovery is untimely. Ornder filed several motions and letters with the Court after the Court entered the scheduling order setting the discovery deadline for September 16, 2019, and during the discovery period. Specifically, he filed a motion for appointment of counsel (Dkt. 50), a letter requesting information on the filing fee owed (Dkt. 51), a letter inquiring about the deadline for joining additional parties or amending pleadings (Dkt. 54), a letter reurging his then-pending motion for appointment of counsel (Dkt. 57), an amended motion for appointment of counsel (Dkt. 58) and a letter requesting a copy of the docket sheet (Dkt. 60). Although Ornder mentioned in several of these filings that he was "disadvantaged" in his ability to locate witnesses and pursue discovery due to his lack of counsel and his status as an indigent prisoner, not one of these filings asked the Court to extend the discovery deadline. *See, e.g.*, Dkt. 54, at 1; Dkt. 57, at 1. And while some of these filings mentioned the need to "do discovery on the medical issues," Dkt. 54, at 1, and Ornder's effort to obtain "records from the X-rays and MRI," Dkt. 57, at 1, not one of these filings asked the Court to issue an order directing that Ornder undergo a mental or physical examination. Instead, Ornder submitted his request for additional discovery regarding his mental and physical health on November 1, 2019, more than one month after the deadline for completing discovery. On this record, the Court finds that Ornder's belated discovery request should be denied.

Second, even if Ornder had timely submitted his request for an order directing him to undergo mental and physical examinations, pursuant to Fed. R. Civ. P. 35, the Court would have denied his request. Rule 35 provides that a court may order a party whose mental or physical

3

condition is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. Fed. R. Civ. P. 35(a). The moving party must show (1) that the mental or physical condition of the party to be examined is "in controversy" and (2) "good cause" for the request. *Id.* But Rule 35 is generally employed by a party who seeks to compel an opposing party to undergo an examination, not by a party who desires to obtain his or her own examination. *See, e.g.*, *Brown v. United States*, 74 F. App'x 611, 614 (7th Cir. 2003) (unpublished)[2] (agreeing with district court's conclusion that Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself"); *McKenzie v. Nelson Coleman Corr. Ctr.*, Civil Action No. 11-0268, 2012 WL 3779129, at *2-3 (E.D. La. Aug. 31, 2012) (unpublished) (collecting cases wherein courts have denied requests made by indigent-prisoner plaintiffs seeking their own mental and physical examinations under Rule 35); *Savajian v. Milyard*, Civil Action No. 09-CV-00354-CMA-BNB, 2009 WL 5126581, at *1 (D. Colo. Dec. 17, 2009) (unpublished) (denying indigent-prisoner plaintiff's request for an independent medical examination and stating, "[A]lthough the plaintiff states that he is seeking an independent medical examination pursuant to Fed. R. Civ. P 35(a), he is actually seeking a cost-free medical examination which he hopes will support his claims. . . . Rule 35 was not designed for this purpose."), *aff'd in part*, Civil Action No. 09-CV-00354-CMA-BNB, 2010 WL 728219 (D. Colo. Feb. 25, 2010) (unpublished). Like the plaintiff in *Savajian*, Ornder cites Rule 35(a) to support his request for mental and physical examinations, but the substance of his motion demonstrates that he seeks application of that rule for the improper purpose of obtaining evidence to support his own claim for damages related to his excessive-force claim. *See* Dkt. 64, at 1-2 (asserting Ornder was unable to "complete discovery

---

[2] The Court finds this unpublished decision, and other unpublished decisions cited herein, persuasive even though they lack precedential value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A)

especially in light of unknown medical factors, such as seriousness of injuries sustained by Plaintiff, and percentage of any permanent residual injury, either physical and/or mental"). Further, nothing in the motion suggests that Ornder, who is proceeding in forma pauperis under § 1915, has sufficient funds to pay for his requested mental and physical examinations. Dkt. 64, generally. Thus, even if the Court did have authority to order state prison officials to transport Ornder "to be evaluated by outside mental health and medical providers," Dkt. 64, at 1, it is unclear who would pay for those evaluations. *See Maxton v. United States*, Civil Action No. 12-CV-00383-WYD-NYW, 2016 WL 1028262, at *1 (D. Colo. Mar. 15, 2016) (unpublished) (denying indigent-prisoner plaintiff's request for an independent medical examination and reasoning, in part, that "[n]either Rule 35 nor 28 U.S.C. § 1915 provide this court any authority to require Defendants or the court to pay for an independent medical examination"); *Savijian*, 2009 WL 5126581, at *1 (denying indigent-prisoner plaintiff's Rule 35 request for a medical examination and noting, in part, that plaintiff was proceeding in forma pauperis and failed to provide any proof that he had funds to pay for his own medical examination).

## III.   Conclusion

Based on the foregoing, the Court denies Ornder's "motion for order for Plaintiff to be evaluated by outside mental health and medical providers" (Dkt. 64).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Ornder's "motion for order for Plaintiff to be evaluated by outside mental health and medical providers" (Dkt. 64) is **denied**.

**DATED** this 13th day of August 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE