## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY P. ORNDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. 18-CV-0342-GKF-JFJ |
| | ) |
| DANIEL ELKINS, | ) |
| ETHAN LONG, and | ) |
| CORY BOYD, | ) |
| | ) |
| Defendants. | ) |

### OPINION AND ORDER

This matter is before the Court on defendants' motion to strike plaintiff's surreply (Dkt. 70), defendants' motion to strike "Plaintiff's supplemental attachments in support of civil claim" (Dkt. 74), plaintiff's motion for appointment of counsel (Dkt. 77) and plaintiff's "motion for stay to submit affidavit and supplemental opposition to defendants' motion for summary judgment" (Dkt. 78).  For the reasons that follow, the Court **grants** defendants' first motion to strike, **denies** defendants' second motion to strike, **denies** Ornder's "motion for stay to submit affidavit and supplemental opposition to defendants' motion for summary judgment," and **denies** Ornder's motion for appointment of counsel.

### I.      Procedural Background

This 42 U.S.C. § 1983 civil rights action arises from a traffic stop on August 23, 2016, in Bartlesville, Oklahoma, that resulted in Ornder's arrest on an outstanding felony warrant and on charges related to the traffic stop.  Ornder, appearing pro se and in forma pauperis, filed an

amended complaint (Dkt. 44) on May 31, 2019, asserting three claims against four defendants.[1] Defendants each filed an answer (Dkts. 45, 46, 47) to the amended complaint.  In an opinion and order (Dkt. 48) filed June 13, 2019, the Court screened the amended complaint, dismissed the fourth defendant, dismissed Ornder's deliberate-indifference claim (Count II) and determined Ornder could proceed against defendants on his Fourth Amendment excessive-force claim (Count I) and his state-law claim for conversion (Count III).  That same day, the Court issued a scheduling order (Dkt. 49) establishing a deadline of September 16, 2019, for completing discovery and a deadline of October 15, 2019, for filing dispositive motions.  The Court denied Ornder's subsequent requests for appointment of counsel.  *See* Dkts. 50, 58, 59.  On defendant's request, the Court extended the deadline for filing dispositive motions to November 4, 2019.  Dkts. 61, 62.

Defendants moved for summary judgment (Dkt. 65) on November 4, 2019, and Ornder filed a timely response (Dkt. 66) in opposition to the motion on November 18, 2019.  Defendants filed a reply (Dkt. 67) on December 2, 2019.[2]  Ornder subsequently filed an "objection to defendants' reply" (Dkt. 69), which was docketed as a "surreply," on December 16, 2019, and "Plaintiff's supplemental attachments in support of civil claim" (Dkt. 73) on February 24, 2020.  Defendants moved to strike both filings (Dkt. 70, 74), and Ornder filed a response (Dkt. 76) in opposition to the motion to strike his "supplemental attachments."  More recently, Ornder filed a motion for appointment of counsel (Dkt. 77), on June 9, 2020, and a "motion for stay to submit

---

[1] Ornder filed his original complaint (Dkt. 1) in June 2018, asserting five claims against six defendants.  Here, the Court discusses only the procedural history relevant to the motions currently before the Court.  Additional procedural history is discussed in this Court's prior opinions and orders (Dkts. 40, 48, 79).

[2] As further discussed below, the summary judgment motion is fully briefed and the Court will address that motion in a separate opinion and order.

affidavit and supplemental opposition to defendants' motion for summary judgment" (Dkt. 78), on June 12, 2020.

## II.     Discussion

### A.     Motion to strike Ornder's surreply (Dkt. 70)

As discussed, Ornder filed a timely response to defendants' motion for summary judgment on November 18, 2019, and defendants filed a reply on December 2, 2019.  Dkts. 66, 67.  On December 16, 2019, Ornder filed an "objection to defendants' reply" (Dkt. 69).  Based on the timing and substance of the "objection," the Court of Clerk docketed this filing as a "surreply." Citing LCvR 7.2(h), defendants move to strike Ornder's "objection" as an improper surreply.  Dkt. 70.  Ornder did not file a response to the motion to strike.

Under LCvR 7.2(h), a motion is deemed ripe for ruling either (1) after a response and reply have been filed, or (2) if no reply is filed, after the 14-day period to file a reply has expired. "Supplemental briefs are not encouraged and may be filed only upon motion and leave of Court." LCvR 7.2(h).  Here, defendants' summary judgment motion was fully briefed and ripe for adjudication as of December 2, 2019, when defendants filed their reply.  *See id.*  Ornder's "objection," filed 14 days later, both reasserts and expands upon the facts and arguments he presents in his response to the summary judgment motion.  *See* Dkts. 66, 69.  Further, as defendants contend, Ornder neither sought nor obtained permission from this Court to file a supplemental brief.  *See* Dkt. 70, at 1-2.  For these reasons, the Court agrees with defendants that Ornder's "objection" is an improper surreply and therefore grants defendants' motion (Dkt. 70) to strike the

surreply.[3]  *See Ysais v. N.M. Judicial Standard Comm'n*, 616 F. Supp. 2d 1176, 1184 (D. N.M. 2009) (explaining that Fed. R. Civ. P. 12(f) governs motions to strike "pleadings" and acknowledging that "objections" generally may not be attacked by a motion to strike, but stating that a court has discretion to strike any filing, such as a surreply, that is not permitted under local rules).  Ornder's surreply (Dkt. 69) is therefore stricken.

**B.**      **Motion to strike Ornder's "supplemental attachments" (Dkt. 74)**

On February 24, 2020, Ornder filed "Plaintiff's supplemental attachments in support of civil claim" (Dkt. 73).  This filing consists of four attachments:  (1) a news article from October 26, 2017, describing a lawsuit filed against defendant Cory Boyd by a woman he shot when he responded to a domestic-violence call in October 2016; (2) a handwritten note signed by Kayla Harbour indicating that Ornder had at least $1,000 in cash on him the day before his arrest; (3) the envelope Harbour used to send the note to Ornder and (4) Ornder's handwritten "affidavit" that is signed but neither dated nor notarized  Dkt. 73, at 2-10.

Citing Fed. R. Civ. P. 15, defendants move to strike Ornder's "supplemental attachments" as an improper attempt to amend or supplement his amended complaint without leave of court. Dkt. 74.  In his response in opposition to the motion to strike, Ornder contends he did not intend to amend or supplement his amended complaint; rather, he submitted the supplemental attachments, belatedly, as additional "discovery" materials to oppose defendants' summary judgment motion because his ability to complete discovery has been hindered by non-working computers in the law library and his lack of counsel.  Dkt. 76.

---

[3] The Court recognizes that Ornder appears in this matter without counsel.  But the leniency a court must apply in construing pleadings drafted by a pro se litigant does not relieve a pro se litigant from compliance with the Federal Rules of Civil Procedure or this court's Local Civil Rules.  *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009); *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

For three reasons, the Court denies defendants' motion to strike Ornder's "supplemental attachments."  First, Ornder's response to the motion clarifies that he submitted the attachments to supplement his response to the summary judgment motion, not to amend or supplement his amended complaint.  This undercuts defendants' argument that the supplemental attachments should be stricken based on Ornder's alleged failure to comply with Rule 15.  Second, while Ornder submitted his "supplemental attachments" well after the time for filing his response to the summary judgment motion, the Court finds defendants will not be prejudiced by the Court's consideration of these four attachments to the extent any are relevant and admissible for purposes of summary judgment.  *See* Fed. R. Civ. P. 56(c) (discussing materials court may consider in ruling on summary judgment motion); Fed. R. Civ. P. 56(d)(2) & (e)(2) (permitting court to allow party additional time to present facts previously unavailable to nonmovant or to present materials to support facts the party previously failed to properly support).  Third, because Ornder has repeatedly advised this Court of his limited ability to conduct discovery, *see*, *e.g.*, Dkts. 50, 54, 58, 64, and this Court has denied his requests for counsel, *see* Dkt. 59, the Court finds it would promote fairness in the summary judgment proceeding to allow Ornder's belated submission of these particular "supplemental attachments."  For these reasons, the Court denies defendants' motion (Dkt. 74) to strike "Plaintiff's supplemental attachments in support of civil claim."

### C.    Ornder's "motion for stay" (Dkt. 78)

On June 12, 2020, Ornder filed a "motion for stay to submit affidavit and supplemental opposition to defendants' motion for summary judgment" (Dkt. 78).  In this motion, Ornder requests a "stay" and permission to submit an affidavit and other discovery materials to oppose defendants' summary judgment motion. Dkt. 78, at 1-2.  To support his requests, Ornder asserts that defendants have a submitted "perjured statements" to support their motion for summary judgment, that he can provide "court records" to contradict defendants' evidence, that he has not

been able to complete discovery or submit evidence, and that he needs additional time to "supplement the record with a response and objection to defendants summary judgment" motion. *Id.* Defendants did not file a response to this motion.

The Court denies Ornder's motion for two reasons.  First, the record reflects that Ornder filed a timely response to defendants' summary judgment motion, that he attached exhibits (i.e., evidence) with his response, that he later filed an untimely and improper "objection," and that he belatedly submitted additional discovery through his "supplemental attachments" that the Court has permitted him to file out of time.  The Court does not doubt that Ornder faced difficulties in conducting discovery from prison, but the record does not support his assertion that he has been unable to either gather or submit evidence to oppose the summary judgment motion.  Second, while the Court overruled defendants' objection to allowing Ornder's "supplemental attachments" to be considered as part of the record for summary judgment proceedings, the Court declines to further delay the summary judgment proceeding at this point to permit Ornder to conduct additional discovery nearly one year after the September 16, 2009 discovery deadline.  The Court therefore denies Ornder's "motion for stay to submit affidavit and supplemental opposition to defendants' motion for summary judgment" (Dkt. 78).

### D.    Ornder's motion for appointment of counsel (Dkt. 77)

Finally, Ornder renews his request for appointment of counsel.  Dkt. 77.  The Court denies Ornder's instant motion for the same reasons stated in this Court's prior order denying his requests for counsel.  *See* Dkt. 59.  In addition, because defendants' motion for summary judgment is pending and fully briefed, the Court finds it would not be fundamentally unfair to decline Ornder's request for appointed counsel at this time.  Should this case proceed to trial, Ornder may file a new motion renewing his request for appointment of counsel.

### III.     Conclusion

Based on the foregoing, the Court **grants** defendants' motion to strike Ornder's surreply (Dkt. 70) and orders the surreply (Dkt. 69) **stricken** from the record, **denies** defendants' motion to strike Ornder's "supplemental attachments" (Dkt. 74), **denies** Ornder's "motion for stay to submit affidavit and supplemental opposition to defendants' motion for summary judgment" (Dkt. 78) and **denies** Ornder's motion for appointment of counsel (Dkt. 77).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Defendants' motion to strike Ornder's surreply (Dkt. 70) is **granted**.

2. Ornder's surreply (Dkt. 69) is **stricken**.

3. Defendants' motion to strike Ornder's "supplemental attachments" (Dkt. 74) is **denied**.

4. Ornder's "motion for stay to submit affidavit and supplemental opposition to defendants' motion for summary judgment" (Dkt. 78) is **denied**.

5. Ornder's motion for appointment of counsel (Dkt. 77) is **denied without prejudice**.

**DATED** this 19th day of August 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE